UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEANGELO MAREON MALONE,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 2:18-cv-00764-JCM-VCF<br><br>ORDER |

This *pro se* habeas action comes before the court following the court's order requiring petitioner to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 3 & 6). Petitioner has failed to file an amended petition, and the deadline for doing so has expired. However, upon *sua sponte* reconsideration, the court will vacate its prior order to the extent it requires petitioner to file an amended petition and will instead direct service and response of the petition as is.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the court's order of May 18, 2018, is VACATED to the extent it requires petitioner to file an amended petition. (ECF No. 3).

IT IS FURTHER ORDERED that the Clerk shall informally electronically serve the Nevada Attorney General with a copy of the petition (ECF No. 4) and this order and shall add Nevada Attorney General Adam P. Laxalt as attorney for the respondents.

It further is ordered that respondents shall file a response to the petition, including potentially by motion to dismiss, within sixty (60) days of the date of entry of this order and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response

1

and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the Reno Clerk's Office.

DATED September 28, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JAMES C. MAHAN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

2